# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL JOHNSON, | Case No. 1:15-cv-00654-SKO (PC) |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| L. BANIELUS, et al., | (Doc. 1) |
| Defendants. | |

## Screening Order

### I. Screening Requirement and Standard

Plaintiff Nathaniel Johnson ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 24, 2015. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

**II.** **Discussion**

  **A.** **Summary of Complaint**

Plaintiff is currently incarcerated at California State Prison-Solano in Vacaville, California. Plaintiff brings this action for damages against Correctional Officer L. Banielus, Sergeant B. Carr, and Lieutenant M. Wilson for violating his rights when he was incarcerated at Pleasant Valley State Prison in Coalinga, California.

Plaintiff alleges that on August 23, 2013, he and other inmates were escorted to R & R (Receiving and Release) to pack their property for transfer. Once they arrived, Defendant Banielus told them to place their property inside a designated holding cell. The inmates were then escorted back to their cells. Their property was inventoried and packed outside of their presence, and they were not provided with a CDCR-1083 form to sign.

On August 26, 2013, Plaintiff was transferred to another prison; he discovered that a large amount of his personal property was missing and there was no CDC1083 inventory form with the property. After Plaintiff tried to recover his personal property without success, he filed an inmate appeal (CDCR-602) against PVSP on December 17, 2013. On January 23, 2014, the appeal was reviewed by Defendant Carr. Plaintiff alleges that Defendant Carr bypassed the interview process and relied on falsified documentation. Defendant Carr found that there was no record of Plaintiff owning any of the missing property items and denied the appeal.

On February 16, 2014, Defendant Wilson interviewed Plaintiff by telephone at the second level of appeal review. Defendant Wilson also denied Plaintiff's appeal, on the same grounds relied on by Defendant Carr. Plaintiff's appeal was thereafter denied at the third and final level of review on August 4, 2014. (Doc. 1, Comp., p. 10.)

**B. Loss of Personal Property**

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Crowley v. Nevada ex rel. Nevada Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012) (citing *Graham v. Connor*, 490 U.S. 386, 393-94, 109 S.Ct. 1865 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

The Due Process Clause of the Fourteenth Amendment of the United States Constitution protects prisoners from being deprived of property without due process of law, *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 2974 (1974), and prisoners have a protected interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). However, the Due Process Clause is not violated by the random, unauthorized deprivation of property so long as the

state provides an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194 (1984); *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994). Plaintiff has an adequate post-deprivation remedy under California law and therefore, he may not pursue a due process claim arising out of the negligent or intentional loss or theft of his personal property by Defendant Banielus or any other prison staff. *Barnett*, 31 F.3d at 816-17 (citing Cal. Gov't Code §§810-895).

### C. Resolution of Inmate Appeal

Plaintiff may not pursue a claim under section 1983 against Defendants Carr and Wilson based on their decisions to deny his inmate appeal. Prisoners do not a have protected liberty interest at stake with respect to the inmate appeal process; therefore, Plaintiff's dissatisfaction or disagreement with the resolution of his inmate appeal does not support a claim for relief against Defendants Carr and Wilson under section 1983. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988)).

### III. Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The deficiencies at issue are not capable of being cured through amendment and therefore, it would be futile to grant Plaintiff leave to amend.[1] *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Accordingly, this action is HEREBY DISMISSED, with prejudice, for failure to state a claim under section 1983, and the Clerk of the Court shall enter judgment.

IT IS SO ORDERED.

Dated:   **December 24, 2015**                              **/s/ Sheila K. Oberto**
                                                       UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that in his request for relief, Plaintiff seeks damages for the intentional infliction of emotional distress, which is a tort under California law. To the extent that Plaintiff might be entitled to redress under state law, the Court lacks jurisdiction over any such claims. 28 U.S.C. § 1367(a); *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001).